**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-25-01158-001-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Bert Andrew Vest, | |
| Defendant. | |

At issue is Defendant Bert Andrew Vest's ("Vest") Motion to Dismiss Count 6 of the indictment. (Doc. 44). The United States of America ("Government") has filed a Response to the Motion.  (Doc. 69).  Vest did not file a Reply. The Court will deny Vest's Motion for the reasons stated below.

## I.    Background

Vest is accused of the unlawful killing of Jaavon Conger with malice aforethought with the use of a firearm.  (Doc. 34 at 1).  The offense occurred on June 25, 2022.  (*Id.*) On that same day, the Government contends that Vest also assaulted Jarron Conger, the deceased's brother, in a way that resulted in serious bodily injury.  (*Id.*) The events on June 25, 2022, led to a six-count indictment against Vest for the following: (1) second degree murder; (2) discharge of a firearm during and in relation to a crime of violence; (3) assault with a dangerous weapon; (4) discharge of a firearm during and in relation to a crime of violence; (5) assault resulting in serious bodily injury; and finally (6) possession of a firearm by a prohibited possessor.  (Doc. 1 at 1).  Vest has pled not guilty to all counts. In

Vest's Motion to Dismiss to dismiss Count 6, he argues that the felon in possession charge is unconstitutional in light of Supreme Court precedent. (Doc. 44).  The Court disagrees.

## II.     Discussion

The Court will deny Vest's Motion to Dismiss Count 6 because the Court finds that this issue has been definitively decided by the Ninth Circuit.

### A. Motion to Dismiss Count 6

Vest moves to dismiss Count 6 of the indictment, felon in possession of a firearm, as facially unconstitutional under the Second Amendment.  (Doc. 44 at 1).  In opposition, the Government contends that even under the recent developments of Second Amendment law, mainly *Bruen*, there is a significant caveat to the right to bear arms.  (Doc. 69 at 12). The caveat being that felons are restricted from gun ownership.  (*Id.*)  The Court agrees.

Congress passed 18 U.S.C. § 922(g)(1) with the intent to apply a federal ban on individuals convicted of a felony from possessing firearms. 18 U.S.C. § 922(g)(1).  Since then, the legality of the provision, as applied to certain felons, has resulted in populous litigation.   The Second Amendment provides that a "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bar Arms, shall not be infringed." U.S. Const. amend. II.  In *United States v. Miller*, the Supreme Court suggested that the right to bear arms was inextricably tied to the maintenance and functioning of a militia.   *See United States v. Miller*, 307 U.S. 174, 178 (1939) (holding the Second Amendment guarantees no right to keep and bear a firearm that does not have "some reasonable relationship to the preservation or efficiency of a well regulated militia"). This interpretation was shaken decades later in *District of Columbia v. Heller*, when the Court held that the right to bear arms was an individual right, allowing "law-abiding, responsible citizens" to possess arms for a "lawful purpose." *D.C. v. Heller*, 554 U.S. 570, 626 (2008). The Supreme Court further explained that "nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons." *Id.* at 626.

*Heller* resulted in uneven standards about the scope of the constitutionality of gun

laws among the circuit courts.  So, the Supreme Court intervened to once again interpret the Second Amendment in *New York State Rifle & Pistol Association v. Bruen*, 597 U.S. 1, 1 (2022).  The Supreme Court announced a new test for determining the constitutionality of firearms regulation: one based in text and history.  *Id.* at 27. Specifically, the Supreme Court stated: "Only if a firearm regulation is consistent with this Nation's historical tradition may a court conclude that the individual's conduct falls outside the Second Amendment[.]" *Id.* at 17.  However, *Bruen* left undisturbed the limiting principle set forth in *Heller* that the individual right to bear arms applies to *law abiding citizens*, not felons. *Id.* at 26 (emphasis added). If any doubt remained after *Bruen* that felons were exempted, perhaps not categorically, but significantly from *Bruen's* sanctuary, the final Supreme Court opinion on this matter dispelled that doubt.  In *Rahimi*, the Supreme Court reasserted that "many such prohibitions, like those on the possession of firearms by 'felons and the mentally ill,' are 'presumptively lawful.'  *United States v. Rahimi*, 602 U.S. 680, 699 (2024).  Additionally, when the Ninth Circuit weighed in, post-*Bruen* and *Rahimi*, the Ninth Circuit also concluded that "felon-in-possession laws like § 922(g)(1), are presumptively constitutional[.]" *United States v. Duarte*, 137 F.4th 743, 752 (9th Cir. 2025), *cert. denied*, 223 L. Ed. 2d 556 (Jan. 20, 2026) (emphasizing the two part test set forth by *Bruen* as comprised of text and history).

In line with clearly established Ninth Circuit precedent, the Court concludes that 18 U.S.C. § 922(g)(1), the felon in possession law, is constitutional under the Second Amendment. *Duarte*, 137 F.4th at 761. According to Vest, Section 922(g)(1), the source of the felon in possession charge, is unconstitutional because "the government cannot meet its burden to show that a tradition of disarming felons existed around the time that the Second Amendment was ratified." (Doc. 44 at 4).  The Court finds that this issue has already been sufficiently litigated and decided.

Contrary to Vest's assertions about the unconstitutionality of Section 922(g)(1), the Ninth Circuit, employing the two-part test set out by *Bruen*, came to the opposite conclusion. *Duarte*, 137 F.4th at 761 (citing *Bruen* as the seminal recent United States

Supreme Court decision to guide the analysis of constitutionality under the Second Amendment). On the first prong of *Bruen*, whether the proposed course of conduct covers the individual, the Ninth Circuit held that "[t]he text of the Second Amendment refers to the right of 'the people' to keep and bear arms." *Duarte,* 137 F.4th at 761 (quoting *Bruen*, 597 U.S. at 24). The term 'the people' was interpreted by the Ninth Circuit to mean all Americans. *Id.* Like the defendant in *Duarte*, Vest is a part of the class of people encompassing all Americans. Also like the defendant in *Duarte*, he has a right to possess a firearm despite his status as a felon.

Where Vest's analysis collapses is the second prong of *Bruen*, as applied in *Duarte*. The second prong of the analysis requires the Government to meet its burden that Section 922(g)(1) "is consistent with the Nation's historical tradition of firearm regulation." *Duarte*, 137 F.4th at 752. Unequivocally, the Ninth Circuit decided that Section 922(g)(1) is in accordance with the historical tradition of firearm regulation. *Id.* at 762; *see also United States v. Warren*, 2025 WL 2374383, at *1 (D. Ariz. July 14, 2025), *report and recommendation adopted*, 2025 WL 2373842 (D. Ariz. Aug. 14, 2025). Therefore, Vest's Motion to Dismiss Count 6 of the indictment on Second Amendment grounds, is properly denied.

Accordingly,

**IT IS ORDERED** that Vest's Motion to Dismiss Count 6 of the indictment (Doc. 44) is **denied.**

Dated this 30th day of June, 2026.

Honorable Diane J. Humetewa
United States District Judge

- 4 -