**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-25-01158-001-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Bert Andrew Vest, | |
| Defendant. | |

Before the Court is Defendant, Bert Vest's, Motion in Limine to Exclude Other Acts Evidence (Doc. 71). The Government has filed a Response (Doc. 81). For the reasons stated below, the Court will grant in part and deny in part Defendant's Motion as set herein.

In his Motion, Vest asks that the Court prevent the Government from introducing any testimony that he may have fled or attempted to evade the police. (Doc. 71 at 3). He then asks that the Court preclude any mention of the additional following bad acts: "(1) an incident where he is alleged to have been involved in a shooting that took place on October 8, 2022, (2) any information suggesting that Mr. Vest regularly carries a gun, (3) the fact that a gun was recovered during Mr. Vest's arrest. (4) that Mr. Vest violated a previous term of probation, and (5) any other prior bad acts that the Government has failed to notice." (Doc. 71 at 4). As to enumerated acts (1) through (4), the Government does not oppose the preclusion of these other acts. The Court will therefore grant the Defendant's Motion as to these four enumerated items. The Court will further grant the Motion as to the Defendant's catchall item (5) because if the Government has not provided notice to him

of its intended other acts evidence, the Court will preclude it from doing so now, absent extraordinarily good cause.  The Government does, however, ask that the evidence of Vest's flight and evasion of authorities be admitted.  (Doc. 81).

Defendant Vest states that the Court should "exclude any testimony that he may have fled or attempted to evade authorities after the alleged offensive conduct in order to demonstrate consciousness of guilt" because "[t]here is no evidence that *during the four months prior to being detained*, Mr. Vest left the jurisdiction, attempted to flee or elude authorities." (Doc. 71 at 3)(emphasis added). Yet, the Government indicates that the flight at issue here is what occurred immediately after the shooting, not during the four months afterward.  That is that "instead of remaining at the Conger residence and waiting for law enforcement's arrival, [Vest] fled the area. While fleeing, two Salt River Police Officers responding to the crime scene, passed by Defendant. Defendant, however, made no attempt to stop or flag down the officers. Defendant, after abandoning his motorcycle, then fled on foot. He disposed of the Smith and Wesson .40 caliber handgun used in committing the noted crimes at a nearby residence on the Salt River Community.   (Doc. 81 at 2).  This, the Government says is "substantive evidence directly relevant to the elements of the offenses charged." (Id. at 3).  The Court agrees.

First, as Defendant himself notes, "[e]vidence of flight as probative of consciousness of guilt, may be considered if four inferences can be satisfied: "(1) from the defendant's behavior to flight; (2) from flight to consciousness of guilt; (3) from consciousness of guilt to consciousness of guilt concerning the crime charged; and (4) from consciousness of guilt concerning the crime charged to the actual guilt of the crime charged." (Doc. 71 at 4)(citing *United States v. King*, 200 F.3d 1207, 1215 (9th Cir. 1999) ((quoting *United States v. Silverman*, 861 F.2d 571, 581 (9th Cir. 1988) (quoting *United States v. Myers*, 550 F.2d 1036, 1049 (5th Cir. 1977)).  The Government's proffered evidence fits squarely within these parameters.  Yet, here, Defendant asks the Court to preclude differing evidence which is that "he was aware that authorities were looking for him and took measures in order to avoid being found." This description is not the flight

evidence – fleeing the Conger residence, abandoning his motorcycle and fleeing on foot – that the Government seeks to admit.  Indeed, the Government's evidence is permissible under Rule 404(b) because it is also inextricably intertwined with the charged crime. *United States v. Dorsey*, 677, F.3d 944, 951 (9th Cir. 2012).

Second, it is well-settled that evidence of flight is generally admissible to show consciousness of guilt and of guilt itself.  *United States v. Harris*, 792 F.2d 866, 869 (9th Cir. 1986).  In the first instance, the relevance and materiality of the flight evidence are for the Court to determine.  *Id.* And whether a permissible inference can be drawn between the flight and Vest's guilt is a determination for the jury. *United States v. Soto*, 978 F.2d 717, n. 1 (9th Cir. 1992).  Accordingly, the Defendant's Motion is denied as to the Government's immediate flight evidence.

**IT IS ORDERED** granting in part and denying in part Defendant's Motion in Limine to Exclude Other Acts Evidence (Doc. 71).  The Motion is denied in that the Government is not precluded from introducing evidence that Defendant fled the residence after the alleged shooting took place. The Motion is otherwise granted as set forth above.

Dated this 30th day of June, 2026.

Honorable Diane J. Humetewa
United States District Judge

- 3 -