**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-25-01158-001-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Bert Andrew Vest, | |
| Defendant. | |

Before the Court is Defendant Vest's Motion in Limine to Introduce Evidence Regarding Bias and Character for Untruthfulness (Doc. 75). The Government has filed a Response (Doc. 76). The Court will deny the Defendant's Motion for the reasons stated herein.

Defendant Vest asks the Court to allow evidence at trial to show that the deceased was carrying $500.00 worth of counterfeit money. (Doc. 75). In his Motion, Vest asserts that among the deceased's belongings, was $500.00 of counterfeit currency. (Doc. 75 at 3). Vest would like to introduce this information on cross-examination.[1] (*Id.*) Objecting, the Government offers that the $500.00 was never reviewed to determine if it is indeed counterfeit. (Doc. 76). The Government also argues that the introduction of this unverified information at trial is unduly prejudicial. (*Id.* at 3).

Evidence that is more prejudicial than probative should not be admitted. Fed. R. Evid. 403. Moreover, evidence that is irrelevant or has a probative value that is

---

[1] Vest does not identify who he would like to cross-examine about the $500.00 in allegedly counterfeit currency.

substantially outweighed by the danger of unfair prejudice may be precluded from admission. Fed. R. Evid. 402; 403.

The Defendant does not state in his Motion how this evidence is probative of any of the charged offenses.   Rather he says "[t]he decedent's possession of this counterfeit currency at a house where people, obtained and used drugs, suggests a bias on the part of the witnesses who were present. It suggests that those who kept company with the decedent may have been less than completely forthcoming with the Government regarding what activities the decedent, themselves, and others present at that house were engaged in on the night in question." (Doc. 75 at 2).  The Government points out that there is no evidence, or proffer thereof, about the counterfeit character of the money or whether the decedent had knowledge of its character.  And the Court does not see the probative value of the decedent possessing counterfeit money to the allegations in the indictment.  Moreover, the Court agrees with the Government that absent the veracity of whether the currency is indeed counterfeit, its introduction is unduly prejudicial.  Because the currency has not been shown to be counterfeit, its admission is irrelevant at this time. Therefore, the Court will deny Vest's Motion in Limine to introduce evidence that the $500.00 found on the deceased was counterfeit.

Accordingly,

**IT IS ORDERED** that Vest's Motion in Limine (Doc. 75) is **denied.**

Dated this 30th day of June, 2026.

Honorable Diane J. Humetewa
United States District Judge

- 2 -