**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-25-01158-001-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Bert Andrew Vest, | |
| Defendant. | |

Before the Court is Defendant, Bert Vest's, Motion in Limine to Exclude Evidence and Testimony of Bullet Casing (Doc. 65). The Government has filed a Response (Doc. 80). For the reasons stated below, the Court will deny the Defendant's Motion.

Defendant Vest seeks to exclude evidence and testimony related to a bullet casing provided to the Government by the victim's brother. (Doc. 65). About a month after the victim's death, his brother provided the Government with a .40 caliber shell casing that he says he found at the scene of the crime. (Doc. 65 at 2). Vest says that the shell casing was not handed over to the Government until July 23, 2022. (*Id.*) Vest contends that the origin of the shell casing is unknown and that the potential obfuscation of its origin implicates authentication and chain of custody issues. (*Id.* at 2). The Government counters that there is a connection between the bullet casing and Vest and that the connection would allow a reasonable juror to find in favor of authentication. (Doc. 80 at 3).

Federal Rule of Evidence 901(a) requires "authentication or identification as a condition precedent to admissibility." Fed. R. Evid. 901(a). Thus, before evidence may be

admitted, a foundation must be laid "by evidence to support a finding that the matter in question is what its proponent claims." *Id.* If the evidence is an object connected with the commission of a crime, the proponent must also establish the chain of custody. *Gallego v. United States*, 276 F.2d 914, 917 (9th Cir. 1960). Chain of custody issues are resolved using a multi-factored test including such factors as: (1) the nature of the article; (2) the circumstances surrounding the preservation and custody; (3) and the likelihood that it was tampered with by intermeddlers. *Id.* at 917.

The Court will allow the Government to lay a proper foundation at trial for the admission of the bullet casing. The Government's main argument for authentication is that their expert, the same expert who is matching the other bullet casings[1] to the Smith & Wesson .40 caliber gun, can testify that this late recovered bullet casing can also be traced to that same gun.  (Doc. 80 at 3).   Given the bridge between when the offense was committed, June 25, 2022, when the gun was found, July 9, 2022, and when this specific bullet casing was turned over to the Government, on July 23, 2022, the Court is hesitant to make an admissibility determination at this time.  (Doc. 65 at 2–3); *see also* (Doc. 80 at 1–2).

If the Government is unable to establish a foundation to resolve any genuine questions as to the authenticity of the bullet casing, the Court will not allow the bullet casing into evidence. *Burrows v. Orchid Island Trs, LLC*, 2010 WL 2179108, at *2 (S.D. Cal. May 28, 2010). But this is a determination the Court need not make at this time and will instead do so at trial as the issue unfolds. Therefore, Vest's Motion in Limine to exclude the .40 caliber shell casing is denied without prejudice to renew.

. . . .

. . . .

. . . .

. . . .

---

[1] It is the Government's position that the Smith & Wesson .40 caliber can be traced to Vest using ballistics and DNA evidence.  (Doc. 30 at 3).  Two shell casings were also recovered from the scene of the crime.  (*Id.*)

**IT IS ORDERED** that Defendant's Motion in Limine (Doc. 65) is **denied without prejudice to renew.**

Dated this 30th day of June, 2026.

Honorable Diane J. Humetewa
United States District Judge